UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHERYL KING                                                                          PLAINTIFF

V.                                                   CIVIL ACTION NO.1:05CV675 LTS-RHW

JAMES W. SMITH and
ALLSTATE INDEMNITY COMPANY                                          DEFENDANTS

## MEMORANDUM OPINION

The Court has before it the motion [34] of Allstate Indemnity Company (Allstate) and James W. Smith (Smith) to amend or correct the opinion and order entered on April 25, 2006, remanding this case to the state court in which it was originally filed.

On December 8, 2006, I entered an order allowing the parties a period of sixty days within which to take the depositions of Smith and the plaintiff. Neither party wished to take the other's deposition, and I have no more information before me now than I had in December. I will, therefore, rule upon Allstate's motion on the record before me.

The state court complaint alleges "Due to the errors, omissions and/or negligent representations made by defendant SMITH and relied upon by the Plaintiff, Plaintiff did not purchase flood insurance which would have provided coverage for all of the damages suffered due to hurricane Katrina." (Complaint Paragraph V)

While Smith's affidavit (Exhibit B to Allstate's Response in Opposition to the Motion To Remand) is certainly sufficient to create a genuine issue of material fact on the question of whether Smith made the statements the plaintiff has attributed to him and, indeed, whether he interacted with the plaintiff at all, the standard applicable to a motion to remand requires that I accept the essential allegations of the complaint and that I grant the plaintiff all reasonable inferences in support of his motion to remand. Fraudulent joinder is an issue on which the removing parties have the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). That burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Under this standard, I find that the defendants have failed to sustain their burden of proving that the plaintiff has no reasonable grounds for the cause of action he has stated against Smith. Accordingly, I will reaffirm my opinion [31] and order [32] entered on April 25, 2006, and I will deny the motion to amend or correct this opinion and order.

An appropriate order will be entered.

**SO ORDERED** this 21st day of May, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE